IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:02CR238 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DONALD H. ASAY, | ) | |
| TERRY J. SAMOWITZ, | ) | |
| GREGORY W. ENGER and | ) | |
| DONALD A. HEIDEN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following motions:

1) The defendants' Motion for Bill of Particulars (Filing No. 263), for which the defendants filed a brief (Filing No. 264) in support. The government filed a brief (Filing No. 284) in opposition to the motion.

2) The defendants' Motion to Depose Plaintiff's Expert (Filing No. 265), for which the defendants filed a brief in support (Filing No. 266). The government filed a brief (Filing No. 285) in opposition to the motion.

The court heard evidence and additional argument related to the motions on March 1-2, 2005. The transcript (295TR.) of the hearing was filed on March 10, 2005. **See** Filing No. 295.

## BACKGROUND

The defendants are charged in an eighteen-count indictment with mail fraud in violation of 18 U.S.C. §§ 2 and 1341 (Counts 1-15); wire fraud in violation of 18 U.S.C. §§ 2 and 1343 (Count 16); conspiracy to launder money in violation of 18 U.S.C. §§ 2 and 1956(h) (Count 17); and criminal forfeiture under 18 U.S.C. § 982 (Count 18). **See** Filing No. 240. The charges are based upon allegations the defendants fraudulently represented they were buying for closed-door pharmacies, to purchase pharmaceuticals at a discounted rate, with the intent

to illegally divert pharmaceuticals to a wholesale market for higher profit. A closed-door pharmacy is one which typically purchases pharmaceuticals at a discounted rate, below wholesale rates, and dispenses to institutional clients such as hospital, prison or nursing home patients, rather than to retail locations. **See** *id.* ¶¶ 3-4. The closed-door pharmacies only receive the discounted rate if they certify, with an "own-use" certification, that the pharmaceuticals are purchased for its own-use or will be dispensed only to patients in its institutional locations. **See** *id.* ¶ 4. The closed-door pharmacies often join buying groups whose business it is to negotiate contract prices with the pharmaceutical manufacturers. **See** *id.* ¶ 5.

## ANALYSIS

**A.   Bill of Particulars**

In the motion for bill of particulars, the defendants specifically request the following information:

> a.   for Counts 1 through 15 of the Superceding Indictment and for each pharmaceutical product purchased by the Defendants, the actual price paid by the Defendants and the price the government claims the Defendants allegedly would have paid for the pharmaceutical products obtained from manufacturers and wholesale distributors had no alleged false representations been made. Only by providing this information in a Bill of Particulars will the Defendants be able to determine whether the pharmaceutical products they obtained were obtained at "greatly reduced prices" as alleged in Counts 1 through 15 of the Superceding Indictment.
>
> b.   the precise statement, representation or promise alleged to have been false and with respect to each such statements to provide the following:
> i.     whether the statement was oral and in writing;
> ii.    the date the statement was made;
> iii.   to whom the statement was made, and if the statement was made in a document, the identity of the document.

**See** Filing No. 263.

2

The fundamental purpose of a bill of particulars is to inform the defendant of the nature of the charges against him, to prevent or minimize the element of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite. *United States v. Hernandez*, 299 F.3d 984, 989-90 (8th Cir. 2002); **see, e.g.**, *United States v. Wessels*, 12 F.3d 746, 751 (8th Cir. 1993); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam); *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986). The court has broad discretion in granting or denying a bill of particulars. *United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir.), **cert. denied sub nom. *United States v. Ebanks***, 502 U.S. 813 (1991). The court, in its discretion, may order the government to provide requested supplementary details where the indictment fails sufficiently to advise the defendant of the charges and to enable him to prepare a defense. **See, e.g.**, *Garrett*, 797 F.2d at 665; *United States v. Hill*, 589 F.2d 1344, 1351-52 (8th Cir. 1979). A bill of particulars, however, is not a proper tool for discovery. *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990). It is not to be utilized to provide itemized disclosure of the government's evidence at trial. *Wessels*, 12 F.3d at 750; **see also** *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985); *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982) ("Acquisition of evidentiary detail is not the function of the bill of particulars.").

In *United States v. Torres*, 901 F.2d 205 (2d Cir. 1990), the defendants, charged with conspiring to distribute and possess cocaine, filed a Motion for Bill of Particulars to obtain additional information concerning the identity of the co-conspirators and specific dates relating to the defendant and the alleged conspiracy. The district court denied the motion, and the Second Circuit determined the district court acted well within its discretion. Additionally, the Second Circuit noted:

> In denying the Motions for Bills of Particular by Cruz and other defendants, the district court characterized these efforts as "ill-disguised attempts at general pre-trial discovery," *United States v. Torres*, No. S. 87 CR 593 (JMW), slip op. at 27, adding: "[t]he indictment adequately advises defendants of the specific acts of which they are accused. Moreover, the defendants have been provided with a wealth of evidentiary detail from the discovery to

3

>date, including electronic intercepts, search evidence, and exhaustive supporting affidavits.

*Torres,* 901 F.2d at 234. Similarly, in *United States v. Guerrerio*, 670 F. Supp. 1215 (S.D.N.Y. 1987), the court denied the defendants' petition for a bill of particulars stating "[t]he test is not whether the particulars sought would be useful to the defense. Rather, a more appropriate inquiry is whether the information in question is necessary to the defense." *Guerrerio,* 670 F. Supp. at 1224-25. Further, the court noted the "government is not obliged to disclose the precise manner in which the crimes alleged in the indictment were committed." *Id.* However, in this case, the Indictment spans some nineteen pages and details means and methods of the allegations of the commission of the mail and wire fraud scheme.

Additionally, in *United States v. Cole,* 707 F. Supp. 999 (N.D. Ill. 1989), the court, in denying defendant's motion for a bill of particulars in a prosecution for a drug distribution conspiracy, explained:

>In evaluating the need for a Bill of Particulars, the court must determine whether the indictment adequately sets forth the elements of the offense charged and sufficiently appraises the defendant of the charges to enable him to prepare for trial. Even if the indictment itself does not contain enough information to permit a defendant to prepare his defense, the government may obviate the need for a Bill of Particulars by disclosing additional details about the charges during discovery.

*Cole*, 707 F. Supp. at 1001. Further, other courts, when considering a defendant's request for a bill of particulars, have denied such a request where substantial discovery materials have been provided. **See *United States v. Martell*,** 906 F.2d 555, 558 (11th Cir. 1990); ***United States v. Savides*,** 661 F. Supp. 1024, 1028 (N.D. Ill. 1987), **aff'd sub nom. *United States v. Pace,*** 898 F.2d 1218 (7th Cir. 1990); ***United States v. Diaz***, 675 F. Supp. 1382, 1390 (E.D.N.Y. 1987), **aff'd**, 878 F.2d 608 (2d Cir. 1989); ***United States v. Rosenthal***, 793 F.2d 1214, 1227 (11th Cir.), **modified on other grounds**, 801 F.2d 378 (11th Cir. 1986). Thus a bill of particulars should not issue where the specifics requested by the defendant are readily available elsewhere. *Bortnovsky*, 820 F.2d at 574.

In this case, the government has adopted an "open file" policy of discovery whereby defendants' counsel may review anything in the government's file apart from grand jury testimony. Such materials in this case are voluminous. See *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991) (open file policy of government making a bill of particulars unnecessary); *Stephenson*, 924 F.2d at 761-62. A review of the defendants' motion further demonstrates the defendants are seeking evidentiary detail from the government. Such is not the function of a bill of particulars. *Matlock*, 675 F.2d at 986.

Upon a review of the indictment and of the representations made by the parties regarding the extent of discovery made available in this matter, the court finds a bill of particulars as sought by the defendants is not warranted in this matter as they seek evidentiary material and seek to have the government marshal the evidence for trial. Accordingly, the motions for bills of particular will be denied.

### B.   Motion to Depose Plaintiff's Expert

The defendants seek to depose the plaintiff's pharmaceutical pricing expert witness, E. M. (Mick) Kolassa, Ph.D., pursuant to Federal Rule of Criminal Procedure 15(a)(1). The defendants contend exceptional circumstances exist in this case and the deposition would be in the interest of justice. The defendants state the amount of time for trial may be reduced and juror confusion would be mitigated if the defendants are allowed to review documents with Mr. Kolassa before trial. The defendants contend the deposition is necessary due to the thousands of potentially relevant documents and Mr. Kolassa's degree of specialized expertise. The defendants do not argue the expert will be unavailable for trial.

The government opposes the motion for a deposition. The government contends the defendants may not depose a government witness under the rule. Additionally, the government argues the defendants have failed to show the deposition is merely for discovery, rather than due to exceptional circumstances or in the interest of justice.

Federal Rule of Criminal Procedure 15(a)(1) provides:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest

> of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data.

The burden of proof in a Rule 15(a) motion rests with the movant to demonstrate exceptional circumstances. **United States v. Kelley**, 36 F.3d 1118, 1124-25 (D.C. Cir. 1994); **United States v. Daniels**, 194 F.R.D. 700, 702 (D. Kan. 2000). Depositions under Rule 15 are not intended as discovery devices and are meant to preserve testimony for trial. **See** *United States v. Edwards*, 69 F.3d 419, 437 (10th Cir. 1995) ("Rule 15 does not contemplate use of depositions of adverse witnesses as discovery tools in criminal cases."); **United States v. Adcock**, 558 F.2d 397, 406 (8th Cir. 1977); **see also** advisory committee's note (1974 amend.).

"Courts typically require a party seeking a deposition to establish both that the witness's testimony is material and that the witness will likely be unavailable to testify at trial." **United States v. Hajbeh**, 284 F. Supp. 2d 380, 383 (E.D. Va. 2003) (citing cases). Relying on **United States v. Dillman**, 15 F.3d 384 (5th Cir. 1994), the defendants contend each case should be examined based on its particular characteristics when determining exceptional circumstances. However, in **Dillman**, the potential deponent was outside the subpoena power of the court and refused to enter the United States to testify.

The court finds the defendants have failed to meet their burden of showing a Rule 15(a)(1) deposition is warranted in this matter. There is no evidence the government's expert will be unavailable for trial. Further, the defendants received a lengthy report (Exhibit 111)[1] and supporting documents related to the anticipated live testimony of Mr. Kolassa. The purpose of any deposition would merely marshal such discovery, rather the preserve Mr. Kolassa's testimony for trial. Accordingly, the defendants' motion to take Mr. Kolassa's deposition is denied. Upon consideration,

---

[1] The defendants introduced Exhibit 100, a deposition taken of Mr. Kolassa in an unrelated civil case, in support of their motion for a deposition.

**IT IS ORDERED:**

1. The defendants' Motion for Bill of Particulars (Filing No. 263) is denied.
2. The defendants' Motion to Depose Plaintiff's Expert (Filing No. 265) is denied.

### ADMONITION

Pursuant to NECrimR 57.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any appeal. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 10th day of June, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge