# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:02CR238** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **DONALD H. ASAY,** | ) | |
| **TERRY J. SAMOWITZ,** | ) | |
| **GREGORY W. ENGER and** | ) | |
| **DONALD A. HEIDEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on the motion of Donald H. Asay (Asay) and Terry J. Samowitz's (Samowitz) Motion to Sever (Filing No. 267), for which the movants filed a brief (Filing No. 268). Gregory W. Enger also joined in the arguments to sever (TR. 245). The government filed a brief (Filing No. 283), in opposition to the motion to sever.[1] The court heard evidence and additional argument related to the motions on March 1-2, 2005. The transcript (TR.) of the hearing was filed on March 10, 2005. **See** Filing No. 298.[2]

## BACKGROUND

The defendants are charged in an eighteen-count indictment with mail fraud in violation of 18 U.S.C. §§ 2 and 1341 (Counts 1-15); wire fraud in violation of 18 U.S.C. §§ 2 and 1343 (Count 16); conspiracy to launder money in violation of 18 U.S.C. §§ 2 and 1956(h) (Count 17); and criminal forfeiture under 18 U.S.C. § 982 (Count 18). **See** Filing No. 240. The charges are based upon allegations the defendants fraudulently represented they were buying for closed-door pharmacies, to purchase pharmaceuticals at a discounted rate, with the intent

---

[1]The government's brief was initially filed in opposition to the motion to sever filed by Donald A. Heiden (Filing No. 257), which motion was later withdrawn during the hearing of pending motions. **See** Filing No. 291 (Minute entry).

[2]The transcript was originally filed on March 10, 2005, as Filing No. 295, however a corrected transcript was filed on June 10, 2005, as Filing No. 298. The court will refer to the later filed transcript in this order.

to illegally divert pharmaceuticals to a wholesale market for higher profit. A closed-door pharmacy is one which typically purchases pharmaceuticals at a discounted rate, below wholesale rates, and dispenses to institutional clients such as hospital, prison or nursing home patients, rather than to retail locations. **See** *id.* ¶¶ 3-4. The closed-door pharmacies only receive the discounted rate if they certify, with an "own-use" certification, that the pharmaceuticals are purchased for its own-use or will be dispensed only to patients in its institutional locations. **See** *id.* ¶ 4. The closed-door pharmacies often join buying groups whose business it is to negotiate contract prices with the pharmaceutical manufacturers. **See** *id.* ¶ 5.

## ANALYSIS

Asay and Samowitz seek to sever the claims against them from the claims and any trial of Enger and Heiden, pursuant to Federal Rules of Criminal Procedure 8 and 14. Enger agrees. The moving defendants contend they each operated different pharmacies and the jury would have difficulty separating and compartmentalizing the evidence as it relates to the separate defendants. Additionally, the moving defendants argue Enger[3] and Heiden testified before grand juries, which testimony should not be admissible against the remaining defendants. Under these circumstances, the defendants contend a joint trial would severely prejudice them.

**A.     Joinder of Defendants Pursuant to Rule 8**

In determining whether a defendant is entitled to a separate trial, the court must decide whether joinder was proper under Rule 8 and whether joinder is likely to have a "substantial and injurious effect or influence in determining the jury's verdict." ***United States v. Lane***, 474 U.S. 438, 449 (1986) (**quoting** *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Rule 8 of the Federal Rules of Criminal Procedure provides:

---

[3]The moving defendants introduced Exhibit 103, the transcript of Enger's Grand Jury testimony, in support of their motion to sever.

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).

Joinder under Rule 8(b) requires that there be a factual interrelationship among all the joined defendants and counts. **United States v. Bledsoe**, 674 F.2d 647, 656-57 (8th Cir. 1982). In determining, before trial, whether or not joinder was proper, the court must evaluate whether this factual interrelationship is alleged in the Indictment. **Id.** at 655; **United States v. Andrade**, 788 F.2d 521, 529 (8th Cir. 1986); **see also United States v. Jones**, 880 F.2d 55, 62-63 (8th Cir. 1989). Rule 8(b) requires that there be some common activity involving all the defendants which embraces all the charged offenses, but it is not necessary that each defendant have participated in each act or transaction of the series. **United States v. Liveoak**, 377 F.3d 859, 864 (8th Cir. 2004). The prerequisites for joinder of defendants under Rule 8(b) are liberally construed and persons charged with having been involved in a single conspiracy should ordinarily be tried together. **See id.**; **see also United States v. Adams**, 401 F.3d 886, 895 (8th Cir. 2005).

In Counts 1 through 15, the Superceding Indictment allege mail fraud. **See** Filing No. 240. Counts 1 through 7 relate specifically to the activities of Landmark Pharmacy Services (LPS) a business owned and operated by Asay and Samowitz. Counts 8 through 12 relate specifically to the activities of Ovation Pharmacy Consultants, Inc. (Ovation Pharmacy), a business owned and operated by Enger. The Superceding Indictment also alleges Ovation Pharmacy was organized with the assistance of associates of the defendant Asay. Counts 13 through 15 relate specifically to the activities of Spring Pharmacy Services (Spring Pharmacy), a business owned and operated by Heiden. The Superceding Indictment also alleges Spring Pharmacy was organized with the financial and operational assistance of the defendant Asay.

In Count 16, the Superceding Indictment alleges wire fraud by all four defendants by transmitting a document by facsimile. In Count 17, the Superceding Indictment alleges conspiracy to launder money by all four defendants. Specifically, the four defendants opened various bank accounts and that Asay and Samowitz opened and caused others to open bank accounts in the names of the purported "closed-door" pharmacies, including LPS Pharmacy, Landmark Wholesale, Spring Pharmacy, D&K Distributing, Ovation Pharmacy and Sage Wholesale. The four defendants deposited proceeds from the wire and mail fraud scheme into the bank accounts described above and used the proceeds to purchase additional pharmaceuticals. Finally, Count 18 is for criminal forfeiture based on Counts 1-17.

Liberally construing the Superceding Indictment, the court finds a sufficient factual interrelationship is alleged. The allegations reveal a common activity involving all of the defendants, although not every defendant is named in every count or participated in each act or transaction. Accordingly, the defendants are properly joined pursuant to Rule 8(b).

**B.   Prejudicial Joinder Pursuant to Rule 14**

"When defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." ***Zafiro v. United States***, 506 U.S. 534, 539 (1983); **see *United States v. Pherigo***, 327 F.3d 690, 693 (8th Cir. 2003) ("To grant a motion for severance, the necessary prejudice must be 'severe or compelling.'"). "[T]here is a strong presumption for their joint trial, as it 'gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'" ***United States v. Flores***, 362 F.3d 1030, 1039 (8th Cir. 2004) (**citing *United States v. Darden***, 70 F.3d 1507, 1528 (8th Cir. 1995)).

Rule 14 of the Federal Rules of Criminal Procedure provides in part:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Civ. P. 14(a).

There is a preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Noe*, No. 03-3878, 2005 WL 1353938, at *4 (8th Cir. June 9, 2005); *Flores*, 362 F.3d at 1039. Joint trials play a vital role in the criminal justice system. *Zafiro*, 506 U.S. at 537. They promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Richardson v. Marsh*, 481 U.S. 200, 209-10 (1987). The Eighth Circuit has held "it is rarely improper for co-conspirators to be tried together." *United States v. Evans*, 285 F.3d 664, 670 (8ht Cir. 2002); **see** *Noe*, 2005 WL 1353938, at *4. However, Fed. R. Crim. P. 14 reflects the recognition that joinder, even when proper under Rule 8(b), may prejudice a defendant. Consequently, if it appears a defendant may be prejudiced by a joinder either of the defendants or the counts for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. The *Zafiro* Court concluded:

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. . . . Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. **See** *Bruton v. United States*, 391 U.S. 123 (1968). Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. . . . The risk of prejudice will vary with the facts in each case. . . . When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as we indicated in *Richardson v. Marsh*, less drastic

5

> measures, such as limiting instructions, often will suffice to cure any risk of prejudice. **See** 481 U.S. at 211.

***Zafiro***, 506 U.S. at 539; **see also** ***United States v. Pou***, 953 F.2d 363, 368 (8th Cir. 1992). "Severance is not required simply because the evidence may have been more damaging against one [defendant] than the others. . . Severance does, however, become necessary where the proof is such that a jury could not be expected to compartmentalize the evidence as it relates to separate defendants." ***Noe***, 2005 WL 1353938, at *4 (internal quotations and citations omitted).

### 1. Difficulty for Jury

The defendants may show prejudice requiring severance where "the jury will be unable to compartmentalize the evidence as it relates to separate defendants." ***United States v. Abfalter***, 340 F.3d 646, 652 (8th Cir. 2003) (citation omitted). In consideration of the jury's ability to compartmentalize the evidence against the joint defendants, the court considers the complexity of the case. ***Pherigo***, 327 F.3d at 693. It is not necessary to sever the defendants "when evidence which is admissible only against some defendants may be damaging to others or when there is varying strength in the evidence against each defendant." ***United States v. Lee***, 374 F.3d 637, 646 (8th Cir. 2004) (internal citations omitted).

The defendants contend the evidence will confuse the jury because of the relationships between the defendants, the complexity of the case, the quantity and quality of proof and the similarities in the types of business operational plans alleged. The defendants each ran a pharmacy and a wholesale operation. However, each had their own contracts with buying groups, and dealt in different states with different products and different customers.

The government argues the case is not as complex as the defendants state because the fraudulent scheme, itself, is simple and the same for each defendant. Additionally, although there is different evidence against each defendant, most of the evidence is admissible against them all. During the hearing, evidence was presented to link the activities of each of the defendants and show the interrelationships of the separate organizations. The parties presented evidence during the hearing showing each of the defendants shipped

pharmaceuticals through Landmark Wholesale to Merit Distributors (TR. 55-56, 67, 100). Additionally, after Enger's contact, Darin Asay, went out of business Enger began doing business with defendant Donald Asay (TR. 101-104). Finally, there is evidence Asay and Samowitz, both from Landmark Wholesale, would tell the other pharmacies which pharmaceuticals to purchase for later shipment to Merit Distributors (TR. 55-56). The only evidence the defendants contend will not be admissible against all defendants are certain statements of Enger, which will be discussed below.

The court notes, moreover, that cautionary instructions for the jury to give separate consideration to the evidence about each individual defendant should be sufficient in this case. **See *United States v. Ghant***, 339 F.3d 660, 666 (8th Cir. 2003); **see also *Zafiro***, 506 U.S. at 539. Despite the different facts affecting the involvement on the part of each of the defendants, we believe that the jury will be able to compartmentalize the evidence against each of them. **See *United States v. Kuenstler***, 325 F.3d 1015, 1024 (8th Cir. 2003). Therefore, the court concludes the motion to sever should be denied based on the defendants' failure to show prejudice due to juror confusion.

### 2. Prejudicial Statements by a Co-Defendant Under Bruton

Asay and Samowitz contend they will be prejudiced at a joint trial by the statements made by Enger to a grand jury in 1999. These defendants argue that, although the statements do not name Asay or Samowitz, the statements describe the business transactions entered into by Enger, based on the business model supplied by Darin Asay, including the use of "own use" contract provisions. The statements do not mention Landmark, but the business structure is nearly identical to the structure of Asay and Samowitz's business operations.

Enger's September 9, 1997 grand jury testimony (Exhibit 103) describes how he met Darin Asay through an architectural project. Enger, who had previously been interested in the pharmaceutical business then asked questions of Darin Asay about the business. Enger stated he engaged in research on the topic and eventually opened his own pharmacy, Ovation Pharmacy, in January 1997. Enger described his understanding of a closed-door pharmacy and own-use representations. Enger stated Ovation Pharmcay sold pharmaceuticals through

7

his own wholesale company, Sage Wholesale, to Empire Distributors, which he believed was owned by Wendy, Darin Asay's wife. Enger stated Darin Asay would order certain pharmaceuticals from Ovation Pharmacy. However, Enger denied he received a business plan from Darin Asay. Enger stated he developed his business operations through his own observations and research. During the testimony, Enger did not mention any of the defendants from this case, or their respective companies. Further, on September 9, 1997, Enger denied previously hearing of Merit Distributors.

In **Bruton**, the Supreme Court held it was insufficient for a court to instruct the jury that a confession of one defendant implicating a co-defendant could only be considered against the confessing defendant and not be held against another co-defendant. 391 U.S. at 137. However, in **Richardson**, the Supreme Court allowed a redaction of such a statement as long as the co-defendant's name and existence are eliminated. 481 U.S. at 211. The Eighth Circuit has "interpreted this requirement to allow the admission of confessions so long as the confession is redacted to avoid either facially implicating or leading the jury directly to non-testifying co-defendants." **United States v. Ortiz**, 315 F.3d 873, 899 (8th Cir. 2003) (**citing United States v. Edwards**, 159 F.3d 1117, 1125 (8th Cir. 1998)). However, when the jury will be led to conclude the redacted party's name is that of the co-defendant or will speculate as to the identity, the **Bruton** prohibition will not be absolved. **See United States v. Long**, 900 F.2d 1270, 1279-80 (8th Cir. 1990).

Here, Enger's statement does not reference or mention the co-defendants or their respective organizations. The only connection with the defendants is that Darin Asay, who is discussed in the statement, is the son of defendant Donald Asay and the brother of defendant Samowitz. The defendants contend the testimony which describes the business practices of Enger also describes the same business practices allegedly used by the other defendants. Further, the defendants argue, since counsel for the defendants cannot cross-examine Enger regarding the testimony, prejudice arises based on **Bruton**. However, the court finds no **Bruton** problem arises based on Enger's grand jury testimony. Enger does not implicate the co-defendants in his business operations. Further, the court does not anticipate that, upon proper instruction, the jury will have great difficulty compartmentalizing the grand jury

statements returning a verdict as to each defendant as to each count of the indictment. Accordingly, the motion to sever will be denied.

**IT IS ORDERED:**

The Motion to Sever (Filing No. 267) is denied.

## ADMONITION

Pursuant to NECrimR 57.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any appeal. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 17th day of June, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge